# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MIGUEL ÁNGEL CRUZ-DANZOT,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 17-1229 (ADC)**

## OPINION AND ORDER

By a Judgment, dated July 20, 2012, petitioner Miguel Ángel Cruz-Danzot was convicted before this Court, by guilty plea, of Conspiracy to Possess with Intent to Distribute Cocaine Base within a Protected Location, 21 U.S.C. §§ 841(a)(1), 846, 860, and was sentenced to seventy-eight months in prison, followed by eight years of supervised release. The Judgment became final on August 6, 2012, fourteen days after its entry, when petitioner failed to timely appeal it pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *Clarke* v. *United States*, 703 F.3d 1098, 1100 (7th Cir. 2013) (per Posner, J.) (holding that petitioner's "conviction did not become final until she was sentenced, . . . and the sentence did not become final until the deadline for filing a notice of appeal expired . . . .") (citing *Allen* v. *Hardy*, 478 U.S. 255, 258 n.1 (1986); then citing *Moshier* v. *United States*, 402 F.3d 116, 118 (2d Cir. 2005)); *cf. Clay* v. *United States*, 537 U.S. 522, 532 (2003).

More than three years later, on or about September 22, 2015, petitioner filed an untimely notice of appeal. By a Judgment, dated January 20, 2016, the Court of Appeals dismissed the

appeal as untimely, remitting petitioner "to his remedies, if any, under 28 U.S.C. § 2255." On or about February 15, 2017, petitioner filed the instant pro-se application for relief pursuant to 28 U.S.C. § 2255. **ECF No. 3**. The Court now denies the application.

In his application, petitioner collaterally attacks his nearly five year-old conviction on five undeveloped grounds. *See* **ECF Nos. 3**, **3-1**.[1] First, he claims that, pursuant to the text of 21 U.S.C. § 841(a)(1), a person cannot be convicted of possessing a controlled substance with intent to distribute, unless he also manufactured the controlled substance. **ECF No. 3-1** at 2-3. Second, he states that 21 U.S.C. § 841(a)(1) applies only to businesses and physicians engaged in the sale of pharmaceuticals. *Id*. at 3. Third, he alleges that since federal law permits licensed physicians to prescribe controlled substances, the law cannot constitutionally prohibit him from conspiring to run a drug point in a housing project. *Id*. Fourth, he contends that he cannot be convicted of the crime, to which he pleaded guilty, until the Government proves that the drugs he possessed affected interstate commerce. *Id*. at 4. Fifth, and finally, he asserts, without the least explanation, that his conviction and sentence violate the Fifth Amendment, the Eighth Amendment, and also Article III of the United States Constitution. *Id*. These claims are all time-barred.

"Post-conviction petitions are subject to statutes of limitations." *Turner* v. *United States*, 699 F.3d 578, 582 (1st Cir. 2012). "The particular limitation for the initial § 2255 petition," like the one here, "is 28 U.S.C. § 2255(f)(1), which requires that such a petition be filed within one

---

[1] The Court must "construe liberally a pro se [petition]," but "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

year of the conviction becoming final." *Id*. (citing *In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006)). As noted above, however, the underlying Judgment became final on August 6, 2012. Moreover, the filing and subsequent dismissal of petitioner's untimely appeal did not magically postpone the finality of the Judgment. *Gillis* v. *United States*, 729 F.3d 641, 644 (6th Cir. 2013) ("A conviction becomes final when the time for direct appeal expires and no appeal has been filed, not when an untimely appeal is dismissed.") (citing *Sánchez-Castellano* v. *United States*, 358 F.3d 424, 427 (6th Cir. 2004)). After all, "[i]f the one-year AEDPA statute of limitations could be extended by filing a late notice of appeal and getting that late appeal dismissed, there would not be much left to the statute of limitations." *Id*. Accordingly, petitioner's application is time-barred.

Petitioner, perhaps aware of the untimeliness of his application, states that his challenges to the applicability of 21 U.S.C. § 841(a)(1) to his criminal conduct attack the jurisdiction of the Court and, thus, "may be raised at any time." **ECF No. 3** at 5. He also claims that the one-year statute of limitations does not apply to his claims because his claims challenge "the imposition of his sentence," whereas the limitations period applies only to challenges of a "conviction." *Id*. Both contentions are wrong as a matter of law. "Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period." *Barreto-Barreto* v. *United States*, 551 F.3d 95, 100 (1st Cir. 2008). "To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255." *Id*. Thus, the one-year statute of limitations applies to all motions "to vacate, set aside, or correct [a] sentence 'upon the ground

that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *Id*. at 98 (quoting 28 U.S.C. § 2255(a)). That includes petitioner's own. *See* **ECF Nos. 3**, **3-1**.

In sum, the Court hereby summarily **DISMISSES** petitioner's application, *see* **ECF No. 3**, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, because it is untimely under 28 U.S.C. § 2255(f)(1). The Court also **DISMISSES AS MOOT** petitioner's motion for leave to proceed in forma pauperis, *see* **ECF No. 1**, and **GRANTS** the Federal Public Defender's motion to withdraw as petitioner's counsel, *see* **ECF No. 5**.

When entering a final order adverse to a Section 2255 petitioner, the Court must decide if he warrants a certificate of appealability. The Court may issue one only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck* v. *Davis*, 137 S. Ct. 759, 773 (2017). Petitioner made no such showing. Thus, the Court will not grant him a certificate. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. Petitioner may still seek one directly from the Court of Appeals under Federal Rule of Appellate Procedure 22(b)(1).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 18th day of April, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**